IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| PERRONE ROBOTICS, INC., *et al.*,<br>Plaintiffs,<br><br>v.<br><br>TESLA, INC.,<br>Defendant. | ) | Civil Action No. 3:25CV974 (RCY) |

**MEMORANDUM OPINION**

This is a patent infringement action brought by Plaintiffs Perrone Robotics, Inc. and Perrone Robotics Innovations, LLC (collectively, "Perrone Robotics" or "Plaintiffs") against Defendant Tesla, Inc. ("Tesla" or "Defendant"). The matter is before the Court on Defendant's Motion to Transfer Venue to the Northern District of California ("Motion to Transfer"); Defendant's Motion to Seal Information in Four Declarations Submitted in Connection with its Motion to Transfer ("Defendant's Motion to Seal"); Plaintiffs' Motion to Seal their Opposition to Defendant's Motion to Transfer ("Plaintiffs' Motion to Seal"); Plaintiffs' Motion for Leave to Supplement the Record, and Plaintiffs' Motion for Leave to File Notice of Supplemental Authority.

The Court dispenses with oral argument with respect to these motions because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated herein, Defendant's Motion to Transfer, Defendant's Motion to Seal, Plaintiffs' Motion to Seal, Plaintiffs' Motion for Leave to Supplement the Record, and Plaintiffs' Motion for Leave to File Notice of Supplemental Authority will all be denied.

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff Perrone Robotics, Inc. is a Delaware stock corporation with its principal place of business located in Charlottesville, Virginia. Compl. ¶ 1, ECF No. 1. Perrone Robotics Innovations, LLC, is also organized under the laws of Delaware, with its principal place of business located in Charlottesville, Virginia. *Id.* ¶ 2. Perrone Robotics, Inc. owns 100% of the equity interests of Perrone Robotics Innovations, LLC. *Id.* ¶ 1. Perrone Robotics alleges ownership of the five Patents-in-Suit. *Id.* ¶¶ 2, 10–14. Defendant Tesla, Inc. is a Texas corporation with its principal place of business located in Austin, Texas. *Id.* ¶ 3.

## II. PROCEDURAL HISTORY

Plaintiffs filed the Complaint on November 24, 2025. ECF No. 1. Pursuant to an authorized extension, *see* Order, ECF No. 25, Defendant filed a Partial Motion to Dismiss on February 9, 2026, which remains pending with this Court. *See* ECF Nos. 36, 37. On February 24, 2026, Defendant filed the instant Motion to Transfer and a declaration in support of its Motion to Transfer with 23 exhibits, ECF No. 46. Defendant then filed its Memorandum in Support of its Motion to Transfer ("Memorandum in Support of Transfer"), ECF No. 53, and four sealed declarations in support thereof on February 25, 2026, ECF Nos. 56–59. Pursuant to authorized extensions, *see* Order, ECF No. 71, Plaintiffs responded in opposition to the Motion to Transfer ("Motion to Transfer Response") on March 17, 2026, ECF Nos. 75, 76, and Defendant filed its Reply ("Motion to Transfer Reply") on March 27, 2026, ECF No. 79.

Defendant filed its Motion to Seal, a Memorandum in Support thereof, and a supporting declaration on February 25, 2026. *See* ECF Nos. 51, 52, 54. Plaintiffs filed a Response in Opposition to Defendant's Motion to Seal, ECF No. 63, on March 3, 2026, and Defendant filed its Reply, ECF No. 67, on March 9, 2026. On March 11, 2026, the parties informed the Court by joint notice that Defendant agreed to withdraw certain portions of its Motion to Seal and, in

exchange, Plaintiffs had agreed to withdraw their opposition. *See generally*, Joint Notice, ECF No. 69. Defendant accordingly filed updated redacted documents in relation to its Motion to Seal on March 11, 2026, ECF No. 70, and Plaintiffs filed their Motion to Seal, ECF No. 72, on March 17, 2026. Defendant indicated its support for Plaintiffs' Motion to Seal with a Response, ECF No. 78, filed March 24, 2026.

On March 30, 2026, Plaintiffs moved for leave to supplement the record with a March 26, 2026 letter from counsel for Elon Musk to the United States District Court for the Northern District of California, related to separate litigation. ECF No. 80. Defendant filed its Response ("Response in Opposition to Letter Supplement"), ECF No. 82, on April 13, 2026, and Plaintiffs filed a Reply, ECF No. 83, on April 20, 2026.

Plaintiffs moved for leave to file a notice of supplemental authority on June 3, 2026. *See* ECF Nos. 86, 87. Defendant filed a Response on June 17, 2026, ECF No. 88, and the time for Plaintiffs to file a Reply has since elapsed. The instant motions are thus ripe for review.

## III. TRANSFER STANDARD

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Subsection (b) further authorizes transfer of a civil suit "from the division in which [it is] pending to any other division in the same district," "[u]pon motion, consent, or stipulation of all parties." 28 U.S.C. § 1404(b). "In considering a motion to transfer, the Court makes two inquiries: (1) whether the claims could have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses support transfer." *Calamp Wireless Networks Corp. v. Orbcomm, Inc.*, 2016 WL 9150694, at *2 (E.D. Va. Nov. 10, 2016) (citing *Koh v. Microtek Int'l, Inc.* 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)). The second prong of the analysis

is "a balancing test that weighs (1) plaintiff's choice of forum; (2) convenience of the parties; (3) witness convenience and access; and (4) the interest of justice." *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 94–995 (E.D. Va. 2011) (internal citation omitted). "Although 'the decision whether to transfer an action under the statute is committed to the sound discretion of the district court . . . the party seeking transfer bears the burden of proving that the circumstances of the case are *strongly* in favor of transfer.'" *ComScore, Inc. v. Integral Ad Science, Inc.*, 924 F. Supp. 2d 677, 681 (E.D. Va. Feb. 15, 2013) (emphasis in original) (cleaned up) (quoting *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010)).

## IV. ANALYSIS

The Court will first take up Defendant's Motion to Transfer and the attendant motions by Plaintiffs to supplement the record as it pertains to the Motion to Transfer. The Court will subsequently engage with the parties' sealing requests.

### A. Motion to Transfer

Defendant seeks transfer of this case to the Northern District of California (NDCA) because Plaintiffs are Delaware corporations with ties to the *Western* District of Virginia (WDVA), and relevant witnesses and documents are located "with the heart of Tesla's research and development" in NDCA or elsewhere outside of the Eastern District of Virginia (EDVA). Mem. Supp. Transfer 3; *id*. at 2–6. Defendant insists that Plaintiffs could have brought suit in NDCA because, in patent cases, venue is proper in any "judicial district where the defendant resides, or where the defendant has committed acts of infringement, and has a regular and established place of business." *See id.* at 7 (citing 28 U.S.C. § 1400(b)). And Tesla has regular and established places of business in NDCA, including its engineering headquarters and workforce located in Palo Alto. *Id.* On the second "interest of justice and convenience" prong, Defendant's arguments include the following: (1) Plaintiffs' choice of forum is entitled little to no weight because EDVA is not their home forum,

*id.* at 8–10; (2) party and witness convenience favors transfer since Tesla's design and development evidence is located overwhelmingly in NDCA, potential witnesses live in California, and Tesla is unaware of any relevant sources of proof in EDVA, *id.* at 10–20; and (3) EDVA lacks a local interest in this case, which is likely to impact NDCA residents, *id.* at 20–23.

Plaintiffs do not dispute that this action could have been brought in NDCA. Mot. Transfer Resp. 8. Rather, Plaintiffs aver that Defendant cannot carry "its heavy burden to demonstrate that transfer is warranted." *Id.* (citation omitted). Plaintiffs insist that Defendant's Motion to Transfer is merely an effort to make litigation of this matter more time consuming, expensive, and burdensome for a small, Virginia-based business. *Id.* at 1–2. Plaintiffs point out that Defendant has previously argued in other matters that it cannot have a fair trial in NDCA due to negative views of Tesla's Chief Executive Officer, Elon Musk, within that district. *See id.* Plaintiffs' arguments against transfer to NDCA include: (1) multiple potential witnesses are located in Virginia, where they are within the range of this Court's subpoena power, *id.* at 6–7; (2) evidence, including the vehicles that employ Plaintiffs' patented technology, are located in Virginia and are not currently in operating condition such that they can be easily transported, *id.* at 7; (3) Plaintiffs' choice of forum *is* entitled to substantial deference, *id.* at 8; (4) Tesla has ties to Virginia including that it sells, maintains physical showrooms, and conducts testing of the accused products in this District, *id.* at 10–11; (5) key witnesses may testify in four related actions, all assigned to the undersigned, in this District, *id.* at 25; and (6) dividing the related actions between forums would impose unnecessary burdens on the parties and the judicial system, *id.* at 26–27.

The Court agrees that Defendant has not met its burden to prove that the circumstances of this case strongly favor transfer. *See ComScore*, 924 F. Supp. 2d at 681. Although, as the parties agree, Plaintiffs' claims for patent infringement might have been brought in NDCA, the interest of justice and convenience of the parties and witnesses do not justify transfer to that forum. *See id.*

(citing *Pragmatus*, 769 F. Supp. 2d at 994). Although Plaintiffs' choice of forum is perhaps entitled to somewhat less deference given that their principal places of business are located in WDVA rather than EDVA, the Court cannot agree with Defendant that Plaintiffs' choice of forum "should be afforded little to no weight." Mem. Supp. Transfer 10. Perrone Robotics need only prove "a legitimate connection" to EDVA. *See Pragmatus*, 769 F. Supp. 2d at 995. So, although Plaintiffs have more connections to WDVA, that fact does not render their connections to EDVA illegitimate. Most obviously, "a corporation is a citizen of the state in which its principal place of business is located." *Global Tel Link Corp. v. Securus Techs. Inc.*, 2014 WL 860609, at *3 (E.D. Va. Mar. 5, 2014). Plaintiffs are thus both citizens of Virginia, which encompasses the Eastern and Western Districts. Plaintiffs' accountants and former Chief Legal Officer are also based in this District. Mot. Transfer Resp. 6. Although Plaintiffs' stronger ties are clearly to WDVA, their connections to EDVA are not illegitimate. Plaintiffs' choice of forum is thus still entitled to *some* deference.

With regard to convenience of parties and witnesses, Defendant is essentially proposing that the Court prioritize convenience for Tesla and its anticipated California-based witnesses over convenience for Perrone Robotics and its Virginia-based witnesses. "However, transfer is inappropriate where it robs a plaintiff of his chosen forum and merely shifts the balance of inconvenience from defendant to plaintiff." *See VS Techs., LLC v. Twitter, Inc.*, 2011 WL 11074291, at *7 (E.D. Va. June 28, 2011). In this case, Defendant's proposed transfer emerges as particularly inappropriate when it has at least some ties to EDVA (i.e., showrooms and sales) compared to Plaintiffs, who represent that they have no connection to NDCA.[1] *See* Mot. Transfer Resp. 12. Furthermore, given that Plaintiffs have four other related actions pending in this Court,

[1] In the Court's view, Plaintiffs' seemingly one-time collaboration with a California-based musician and a distinct Californian company do not render this representation false. *See* Mot. Transfer Reply 8.

the prosecution of which will likely involve some of the same witnesses, witness convenience will almost certainly be served by litigating the related actions in the same place.

The pendency of related actions in this District also bears upon the interest of justice factor. Judicial efficiency favors the litigation of related actions in the same place, and keeping all five related cases together in this District reduces the likelihood of conflicting results. *See Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 ("Judicial economy and the avoidance of inconsistent judgments are prominent among the principal elements of systemic integrity." (citation omitted)). The Court is not persuaded that the potential impact of the outcome of this case on NDCA residents strongly supports transfer when Defendant is a multinational corporation, headquartered in Texas. Mem. Supp. Transfer 1, 3, 5. Having balanced the relevant factors, the Court finds that they weigh in favor of keeping the case in this District. Because Defendant has not demonstrated that the circumstances of the case strongly transfer, its Motion to Transfer will be denied. *See ComScore, Inc.*, 924 F. Supp. 2d at 681.

The Court need not and does not rely on a March 26, 2026 letter from counsel for Elon Musk to the Court in an entirely separate NDCA matter in reaching its decision on the Motion to Transfer. Mr. Musk is not a party to the instant case, and Defendant has represented that it has no intention of calling Mr. Musk as witness. *See* Resp. Opp'n Letter Suppl. 2. Additionally, Plaintiffs' Motion for Leave to File Notice of Supplemental Authority seeks to call the Court's attention to a decision that has recently been reconsidered. *See Fleet Connect Sols. LLC v. XIRGO Techs., LLC*, 2026 WL 2199025 (E.D. Va. July 30, 2026). The Court did not rely on Plaintiffs' proposed supplemental authority and will deny the associated motion.

**B. Sealing Requests**

The Court observes that, after Defendant filed its Motion to Seal, the Parties reached an agreement to resolve their dispute with respect to sealing or redacting certain documents in this

case. Not. Filing Updated Proposed Order & Updated Redacted Docs. at 1, ECF No. 70. Having withdrawn their opposition to Defendant's Motion to Seal, Plaintiffs instead take no position with respect to it, *see* Joint Notice ¶ 5, and have moved to seal the entirety of their Response in Opposition to Defendant's Motion to Transfer "solely because it contains material that Tesla designated 'Highly Confidential—Attorneys' Eyes Only (HC/AEO)'", Mem. Supp. Pls.' Mot. Seal 1, ECF No. 73. As the Court understands it, Defendant's now modified Motion to Seal proposes redactions to its Memorandum in Support of its Motion to Transfer and attached declarations to shield Tesla from competitive harm. *See generally* Def.'s Mot. Seal; Joint Notice.

"It is well settled that the public and press have qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Gray Media Grp., Inc. v. Loveridge*, 155 F.4th 330, 339 (4th Cir. 2025) (citing *Company Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014)). "The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Id.* The common-law right of access extends broadly to all judicial documents and records, and the presumptive right of access "can be rebutted only by showing that countervailing interests *heavily* outweigh the public interest in access." *Id.* (internal quotation omitted) (citing *Pub. Citizen*, 749 F.3d at 266). However, "the common-law right of inspection has bowed before the power of a court to insure [sic] that its records are not . . . [used] as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.*

Procedurally, "a district court may seal court filings if it '(1) provides public notice of the request to seal and allows interested parties a reasonable opportunity to object; (2) considers less drastic alternatives to sealing the documents; and (3) provides specific reasons and factual findings

supporting its decision to seal the documents and for rejecting the alternatives." *DSS A.S. v. Pacem Def. LLC,* 2025 WL 908040, at *1 (E.D. Va. Jan. 28, 2025) (cleaned up) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)).

Upon review, the proposed redactions to Tesla's Memorandum in Support of its Motion to Transfer and its accompanying declarations seek to redact generalized information about the functions and location of Defendant's corporate teams and the location of Defendant's utilized servers and engineering tools in Northern California or Palo Alto, California, specifically. *See* Mem. Supp. Mot. Transfer 4–5, 10–11. The Court is not persuaded that the public location of Defendant's engineering teams and rather obvious facts that the company uses servers in that general region and conducts design and development activities at its "engineering headquarters" constitute grounds for limiting public access to the documents in this case. *See* Mem. Supp. Mot. Transfer 1. Although the Court anticipates that this case may reach a point where commercially sensitive information is raised that implicates competitive harm for Plaintiffs and/or Defendant, that juncture is not currently reflected in the papers before the Court. Accordingly, finding that the presumptive right of public access to judicial documents has not been rebutted by a showing of countervailing interests that *heavily* outweigh the public interest in access, both Defendant's Motion to Seal and Plaintiff's Motion to Seal will be denied.

## V. CONCLUSION

For the reasons described herein, the instant motions will all be denied. Litigation of this dispute will proceed in the Richmond Division of the Eastern District of Virginia. An appropriate order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: August 21, 2026
Richmond, Virginia